UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL D. KREMLINGSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:17-cv-2291-KJN<br><br><br>ORDER |

Plaintiff Crystal D. Kremlingson seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act").[1] Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment, and plaintiff replied. (ECF Nos. 13, 16, 17.)

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 3, 9.)

1

I.  BACKGROUND

On May 8, 2014, plaintiff applied for DIB and SSI benefits. (Administrative Transcript ["AT"] 214-37.) After these applications were denied initially and on reconsideration, an ALJ conducted a hearing on March 31, 2016. (AT 61-94.) At the hearing, the ALJ took testimony from a vocational expert ("VE"). The ALJ ultimately determined that plaintiff had the residual functional capacity ("RFC") to perform light work except that she

> is limited to occasional stooping. She is able to perform simple routine repetitive tasks and capable of superficial interactions with coworkers, but no interactions with the public. She can handle and finger with right upper extremity frequently.

(AT 30.)

During the hearing, the ALJ asked the VE to consider a hypothetical person with the same age, education, work experience, and RFC as plaintiff. (AT 92.) The VE opined that such a person could not perform any of plaintiff's past work. (AT 92-93) The ALJ then inquired whether such a person could perform any other work, and if yes, what are some representative examples. (AT 93.) The VE testified,

> Yes, Your Honor. It would be light, unskilled, non-public contact jobs. The first job title, Your Honor, is electric accessories assembler; DOT code number 729.687-010; exertional is light; the SVP is 2; numbers state of California 30,300; nationally 207,300. Our second job title, Your Honor, is bakery worker, conveyor[]; DOT code number 524.687-022; exertional is light; SVP is 2; numbers state of California 3,400; nationally 43,700. Our third job title, Your Honor, is mail clerk; DOT code 209.687-026; exertional is light; SVP is 2. . .

(AT 93.)

Subsequently, the ALJ issued a decision on April 28, 2016, determining that plaintiff had not been under a disability as defined in the Act from October 10, 2013, through the date of the decision. (AT 25-35.) At step five of the sequential evaluation process,[2] the ALJ determined that

---

[2] A parallel five-step sequential evaluation governs eligibility for both DIB and SSI benefits. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

2

considering plaintiff's age, education, work experience, RFC, and the VE's testimony, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (AT 33.)

Thereafter, plaintiff challenged the ALJ's decision before the Appeals Council and raised various issues regarding the ALJ's step five determination. (AT 360-82.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on September 14, 2017. (AT 1-5.) Plaintiff subsequently filed this action on November 1, 2017, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.     ISSUES PRESENTED

On appeal, plaintiff challenges the ALJ's step five determination, which she asserts is based upon legal error and not supported by substantial evidence. (ECF No. 13.)

III.    LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

---

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Plaintiff raises four challenges to the ALJ's step five determination that there exist jobs in significant numbers in the national economy that plaintiff can perform. (ECF No. 13 at 8-14.)

    A.    Electric Accessories Assembler

First, plaintiff argues that the VE's testimony that plaintiff can perform the job of electric accessories assembler is in apparent conflict with the Occupational Outlook Handbook ("OOH"), and that the ALJ erred by relying on this testimony without resolving the conflict. (ECF No. 13 at 10-12.) Plaintiff raises this argument for the first time in this appeal.

The Ninth Circuit has held that, unless manifest injustice would result, claimants must generally "raise all issues and evidence at their administrative hearings in order to preserve them on appeal," at least when claimants are represented by counsel. Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999). This requirement is because the ALJ as the fact-finder, rather than a federal court reviewing under a substantial evidence standard of review, is the appropriate person to resolve factual and evidentiary inconsistencies, including conflicts concerning the VE's testimony. Indeed, at the administrative hearing, the vocational expert is subject to cross-examination by plaintiff's representative, and is on hand to address any inconsistencies between the expert's own statistics and those proffered by the plaintiff. To generally permit claimants to later second-guess a VE's testimony and statistics in their federal court appeals, when the claimants failed to challenge such testimony in the administrative proceedings below, would inject a significant amount of inefficiency into an already-delayed claim resolution process, and also impermissibly alter the scope of judicial review of Social Security claims.

Plaintiff was represented by counsel during the hearing before the ALJ in this matter. (AT 61.) Also, while plaintiff raised numerous other arguments before the Appeals Council, she did

not raise this specific argument until now. (AT 361-63.) As such, the court concludes that plaintiff waived this issue. Moreover, for the reasons discussed below, plaintiff has not made an adequate showing of manifest injustice to overcome the waiver.

Even assuming *arguendo* that no waiver occurred, the ALJ properly relied on the VE's testimony regarding the occupation of electric accessories assembler. As the Ninth Circuit has explained:

> An ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.

Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Importantly, the requirements established in Federal Rule of Evidence 702, Daubert, and Kumho Tire do not govern the admissibility of evidence in Social Security administrative proceedings. Id. at 1218 n.4. Therefore, unless the record on its face indicates that the VE's testimony was fundamentally flawed, see Farias v. Colvin, 519 Fed. App'x 439 (9th Cir. May 20, 2013), the testimony constitutes substantial evidence upon which the ALJ was entitled to rely.

Here, plaintiff asserts that "[b]ecause the OOH describes the occupational group of electrical and electronic equipment assemblers as typically requiring moderate-term on-the-job training, and because Kremlingson lacks transferable work skills, the ALJ erred in accepting the vocational expert testimony that failed to provide a reasonable basis for resolving that conflict with the OOH." (ECF No. 13 at 12 (emphasis added).)

Fundamentally, it is not clear that an ALJ is required to resolve conflicts between the record and the OOH. The Commissioner directs ALJs to explicitly resolve and explain any conflict between a VE's testimony and "information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor." SSR 00-4P (S.S.A. Dec. 4, 2000). There is no such explicit direction regarding the OOH.

However, assuming without deciding that an ALJ is required to resolve any conflict between the record and the OOH, plaintiff's argument represents her lay interpretation of the

5

OOH, not an apparent conflict. Indeed, taking plaintiff's own argument at face value, the training prerequisites for electric accessory assemblers are typically—not always—required. This does not conflict with the VE's expert testimony that an individual with plaintiff's experience and RFC could perform the job of electric accessories assembler. (AT 93.) As such, the ALJ did not err when he relied on the VE's expert testimony regarding this occupation. Bayliss, 427 F.3d at 1218.

### B. Bakery Worker, Conveyor

Second, plaintiff asserts that the ALJ erred in relying on the VE's testimony that plaintiff could perform the job of bakery worker, conveyor. (ECF No. 13 at 10.) Plaintiff contends that the temperaments in the Selected Characteristics of Occupations ("SCO") description of this job are inconsistent with plaintiff's RFC, and because the VE "acknowledged the presence of temperaments . . . in describing why Kremlingson could not perform her past relevant work," the ALJ was required to address any conflicts between the VE's testimony and the temperaments in the SCO. (Id. at 9-10; AT 371.)

At best, this argument presents an alternative interpretation of the evidence, not an apparent conflict. The SCO indicates that a bakery worker, conveyor requires temperaments R and U. DICOT 524.687-022. The VE testified that plaintiff's RFC was inconsistent with temperament P, "which indicate[s] dealing with people at least on a frequent basis." (AT 92.) Plaintiff asserts that her RFC is also inconsistent with temperament U, which the VE did not mention, because she is limited to superficial interactions with coworkers. (ECF No. 13 at 10.)

However, plaintiff's limitation does not facially conflict with temperament U, which is defined as "working UNDER specific instructions." DICOT 524.687-022. It is not apparent that a person who is limited to superficial interactions with coworkers cannot also work under specific instructions. Indeed, the other required temperament, R is defined as "[p]erforming REPETITIVE or short-cycle work." Id. Taken together, these temperaments appear to match, rather than conflict with, plaintiff's limitation to "simple routine repetitive tasks." (AT 30.) Even if plaintiff's interpretation of the record is also reasonable, such a difference of opinion is not sufficient to disturb the ALJ's well-supported determination. See Tommasetti, 533 F.3d at 1038; Bayliss, 427 F.3d at 1218.

### C. Mail Clerk

Third, plaintiff points out that the job of mail clerk in the Dictionary of Occupation Titles ("DOT") requires Level 3 Reasoning, which is incompatible with plaintiff's limitation to simple, routine, and repetitive tasks. (ECF No. 13 at 9.) The Ninth Circuit has held that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015). The Commissioner concedes that the ALJ erred by failing to address this conflict. (ECF No. 16 at 7.) Nonetheless, this error is harmless because it only pertains to one of the three representative jobs listed by the VE, and as explained herein, the ALJ's decision is otherwise supported by substantial evidence. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless").

### D. Accuracy of Statistical Data

Fourth, plaintiff challenges the number of jobs available in the representative occupations identified by the VE. (ECF No. 13 at 13-14.) According to plaintiff, the VE overestimated the number of available jobs for both electric accessories assemblers and bakery worker, conveyors. (Id.) Based upon her own lay interpretation of figures from the DOT, plaintiff asserts that the VE's numbers for each occupation represent the numbers for an entire occupational group of 61 different DOT codes rather than an individual DOT job code. (Id.; AT 361-83.)

While this argument was presented to the Appeals Council, it represents plaintiff's own interpretation of the evidence, and it is not supported by any expert analysis or declaration. Thus, plaintiff's argument does not disturb the ALJ's ability to "take administrative notice of any reliable job information, including information provided by a VE." See Bayliss, 427 F.3d 1211. Moreover, the record here does not indicate that the VE's testimony was fundamentally flawed. On their face, the job numbers statistics submitted by the VE do not appear so extremely high or unusual that a reasonable mind could not accept them. See Farias, 519 Fed. App'x at 440.

### V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: December 20, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE